Head *v.* Barry.

LEE HEAD, Chairman, *v.* JOHN R. BARRY, C. & M.

IT is the duty of clerks, except Supreme Court Clerks, to turn into the county treasury fees due witnesses, fees due officers for services as such, distributive shares of estates unclaimed, legacies, amounts due creditors of insolvent estates, proceeds of sale of real estate, fees to guardians *ad litem*, surveyors, etc., which have been in their hands for more than two years.

FROM SUMNER.

Appeal from the Chancery Court at Gallatin. G. W. SEAY, Ch.

WILSON & TURNER for Head.

VERTREES & MUNDY for Barry.

TURNEY, J., delivered the opinion of the court.

The defendant, as clerk and master of the Chancery Court at Gallatin, has had in his hands for more than two years, fees due witnesses, fees due officers for services as such, distributive shares of estates unclaimed,

48

legacies, amounts due creditors of insolvent estates, proceeds of the sales of real estate, fees to guardians ad litem, surveyors, etc.

Sec. 521 of Code provides: "The Judge or Chairman of the County Court is also required, in making settlements with clerks, to ascertain what amount of money is in their hands due to witnesses, officers, and others, which may have been collected by them from suitors or from the State or county treasury, and which has been in the hands of the clerk for more than two years, and such sum of money shall be paid into the county treasury as other county revenue."

Sec. 524 provides: "The person to whom any money paid into the county treasury is due, may apply to the Judge or Chairman of the County Court for a warrant for the amount due him, and on presenting this warrant to the county trustee he shall pay the amount as in other cases out of any money in the treasury."

Under this statute the chairman claims that the funds named shall be paid into the county treasury by the clerk and master, which is declined and this suit is brought. To a proper understanding of the extent and meaning of this statute it is necessary that we look to other statutes as to unclaimed funds and assets, and construe all together with this.

Secs. 2282, 2383a, and 2382 have reference alone to estates in the hands of administrators and executors.

The act of 1865, ch. 19, sec. 1, brought to the Code at sec. 3664a, provides: "That the courts of law and equity in this State be, and they are hereby

Head *v.* Barry.

authorized to have the money and funds in the hands of clerks and receivers, or trustees in litigation, or under the control of said courts invested in the public stocks or bonds of the United States, under such rules and orders in each case as may be legal and just."

This last act is the only one that offers any impediment to an easy and satisfactory construction of secs. 521 and 524. The first impression is that there is a conflict, and as a consequence a partial repeal of the act of 1845, contained in the first two named sections, but a comparison will show there is no conflict.

To exercise the powers given by the act of 1865, the court having control of a fund must act within the two years, while in performance of the duty imposed by the act of 1845, the chairman is in terms postponed until after the expiration of the two years from the time the funds or estate came to the hands of the clerk; so that in reality the moneys and funds in the hands of the clerk only remain under the control of the court for two years from their reception, and until such further time as they may be demanded by the chairman in his settlement with the clerk. By this construction both statutes remain in force.

The language of the act of 1845 is so comprehensive that we see no way in which to restrict its operation were we disposed to do so.

We have heretofore holden that the sections of the Code now before us for construction do not apply to clerks of the Supreme Court, but are confined to clerks of the courts of counties in which the chairmen

Head *v.* Barry.

or judges of the County Courts are authorized **to** make the settlements and demands directed by the statute.

The decree will be reversed. A decree will be entered here in accordance with this opinion, **and** the cause remanded for its execution.